IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

MR ADRIAN JOHNSON,
    PLAINTIFF,

V.                                    CASE NO. _____

OFFICER MICHAEL VALUCH,
    DEFENDANT.

## CIVIL RIGHTS COMPLAINT

NOW COMES THE PLAINTIFF, ADRIAN JOHNSON, HEREINAFTER "PLAINTIFF", PRO SE AND PRAYING THE COURT CONSTRUE HIS PLEADINGS LIBERALLY, COMPLAINING AGAINST THE ABOVE-NAMED DEFENDANT AS FOLLOWS:

### PRELIMINARY STATEMENT

This is an action brought pursuant to 28 U.S.C. 1983 seeking declaratory relief and damages for the plaintiff, a prisoner at the Green Bay Correctional Institution. This action alleges that, as a citizen of Milwaukee, WI, and at a time when minorities were disproportionately targeted by inner-city crime prevention efforts and overzealous and sometimes racists police officers, he was illegally stopped, seized, searched, sexually assaulted, and jailed. Plaintiff alleges this officer had no probable cause or reasonable suspicion, however, he fabricated a probable cause report - to which he swore under oath that he witnessed plaintiff illegally possess and conceal a weapon - which he knew would likeky

result inp plaintiff being arraigned on criminal felony charges. His deprivation of plaintiff's rights resulted in a pretrial detention of approximately three months, whereupon he was exonorated at trial, with the defendant's trial testimony belying his sworn probable cause statement.

Jurisdiction and Venue

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 13331 and 1343(a)(3). The Court has further jurisdiction under 42 U.S.C. 1983.

2. Venue in the United States District Court for the Eastern District of Wisconsin is proper under 28 U.S.C.1391(b).

Parties

3. Plaintiff, Adrian Johnson, at all times relevant, was a citizen of the State of Wisconsin, City and County of Milwaukee.

4. Defendant Officer Michael Valuch, at all times relevant, was a bonded and sworn officer of the Milwaukee Police Department. He was thus acting under the color of state law at the time of the actions giving rise to this lawsuit.

Deprivations Under Color of State Law
Factual Background

5. On the night of December 29, 2011, Plaintiff was returning home from a meal at Chicago's Subs, a restaurant located at 28th and Burliegh streets on Milwaukee's northside.

6. He had committed no crime, he was not in the commission of any crimes , nor were he alleged to have committed any. He was merely returning home after having had sandwiches and fries at a local hotspot.

7. AAs he was traveling southbound on north 29th street between Chambers and Burliegh streets, a high crime and high drug environ in Milwaukee's northside, he was confronted by Officer Valuch who, with his vehicle, had blocked Plaintiff's path as he crossed the street . He asked Plaintiff to speak with him, but Plaintiff, who was at the time on his cellular phone and trying to make it home, informed the Officer that he did not wish to speak with him and walked around the Officer's squad car.

8.Defendant Valuch jumped from the driver's side of the vehicle and, drawing his weapon and ordering the Plaintiff to stop, bodily the Plaintiff, confiscated his cellular phone, frisked the outer layer of Plaintiff's clothing, then probed into Plaintiff's under-clothing--digitally fondling Plaintiff's penis, testicles, and spreading, reachjing between, probing Plaintiff's buttocks and anus.

9.At no time did the Plaintiff consent and at all times did he object, vigorously so.

10. Defendant Valuch Began interrogating the Plaintiff as to his business in the area and, after again stating in no uncertain terms that he did not wish to speak with the Officer, Plaintiff, fearing this Officer would subject him to more aggressive and predacious measures, explained that he was returnung home from a meal at the Chicago's Subs restaurant. Defendant Valuch told Plaintiff that it was suspicious that he was out at night in a high crime area without a coat.He further stated it was not unusual for young black men to protect themselves in high crime areas by illegally procurring and possessing firearms. He stated that he would do a sweep of the area and run asearch of the Plain-tiff's for warrants and,if no contraband or warrants werer found, he'd release the Plaintiff-- who was presently detained in the back of the squad car.

back of the squad car.

11. Some minutes later, Defendant Valuch returned with a weapon, which was later identified as a .380 caliber handgun. Defendant Valuch asked Plaintiff if he had a concealed firearms carry permit, to which Plaintiff replied that he didn't need one as he did not own a firearm nor could he as he was a convicted felon.

12. Defendant Officer Valuch stated he'd found a gun some yards away and if Plaintiff wanted to go home tonight he would need to produce either drugs, guns, or lead police to the same within an hour.

13. Plaintiff was then transported to the Fifth District Police Station, processed, and then sent to the Milwaukee County Jail where he was booked on charges of being a felon in possession of a firearm.

14. In his police report and probable cause statements/reports, to which he swore under oath, Defendant Valuch swore that he observed Plaintiff possess a concealed weapon which he later, within view of the Defendant, hid under a porch in the 2900 block of north 29th street.

15. In reality, the Officer never actually witnessed Plaintiff commit any crime. Rather, he illegally seized, searched, sexually assaulted, then fabricated police reports to have the Plaintiff criminally charged.
This Defendant later testified at trial, which took place on April 02, 2012, that, contrary to his sworn probable cause statements, he did __not__ witness the Plaintiff possessing, concealing, or discarding any weapon on the night in question. Rather, he testified, he stopped Plaintiff and detained him to find evidence of criminal activity he believed Plaintiff to have engaged in because of the circumstance4 giving rise to his arrest: namely, that he was young, black, and returning home in a high crime area without any coat.
In short, he had racially profiled the Plaintiff prior to his arrest and predicated his search and seizure upon the probability

of finding evidence of crimnal behavior he had no reasonable
suspicion of the Plaintiff commtting,but which was informed by
an irrational predisposition to bias and prejudice towards Blacks
and other minorities in marginalized communities.

16. Plaintiff was found not guilty of the charges. However, he
spent nearly three months defending against the charges. Moreover,
he was revocated for approximately 18 months in an administrative
hearing stemming from and relying solely upon the allegations
and evidence accruing from this Defendant's illegal search and
seizure and false arrest.

First Cause of Action

17. Officer Valuch violated Plaintiff's rights under the 4th
Amendment to the U.S. Constitution when, without reasonable sus-
picion or probable cause, he illegally seized and searched the
Plaintiff against his will and wishes.

Second Cause of Action

18. Officer Valuch violated Plaintiff's roghts under the 4th
Amendment to the U.S. Constitution when, without reasonable
suspicion or probable, he illegally seized and digitally fondled
the Plaintiff's genitals, buttocks, and anus, against the Plain-
tiff's will and wishes and wuth no legal justification.

Third Cause of Action

19. Officer Valuch violated Plaintiff's rights under the 4th
and 14th Amendments to the U.S. Constitution when he falsified
police documents with the specific intent to have plaintiff ill-
gally detained, tried, and wrongfully convicted.

## Fourth Cause of Action

20. Officer Valuch violated the Plaintiff's rights under the 4th and 14th Amendments to the U.S. Constitution when he illegally seized, searched, and falsely imprisoned the Plaintiff pursuant to a practice of racial profiling and discriminatory policing of minorities and other marginalized persons and neighborhoods.

## Fifth Cause of Action

21. Officer Valuch violated the Plaintiff's rights under the Equal Protection Clause if the 14th Amendment to the U.S. Constitution when he single the Plaintiff out for illegal search and seizures based upon his race, ethnicity, and membership in a protected class.

## RELIEF REQUESTED

WHEREFORE, the Plaintiff prays the court grant him the following relief:

1) Declaratory judgment that the actions complained of herein violated the Plaintiff's right as discribed and as proscribed by the laws of the United States of America;

2) Compensatory damages in the amount of $500,000;

3) Punitive damages in the amount of $500,000;

4) All fees and costs in this matter in the fullest amount permitted by law, to include, but not limited to, attorney fees and other expenditures.

## Verification of Complaint

I, Mr Adrian Johnson, do hereby swear under the penalty of perjury and pursuant to 28 U.S.C. 1746 that the foregoing is true and correct.

        Dated this 5 day of april, 2016, at Green bay, WI.

        Adrian Johnson
        Box 19033
        GreenBay, WI. 54307